```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               JACKSONVILLE DIVISION
```

CUONG VIET NGUYEN,

        Plaintiff,

v.                      Case No. 3:07-cv-1065-J-12HTS

U.S. CITIZENSHIP &
IMMIGRATION SERVICES,
LOUISE GERMAIN,

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Cuong Viet Nguyen, an inmate of the federal Bureau of Prisons who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on November 16, 2007. Plaintiff names Louise Germain, an officer at the United States Immigration and Customs Enforcement office in Jacksonville, Florida, as the Defendant. Plaintiff claims that his constitutional rights were violated when he was denied United States citizenship. Specifically, he alleges that, on February 9, 2004, he filed an application for naturalization; on June 2, 2005,

he passed the naturalization examination and paid the $400.00 fee; and, on November 3, 2006, Defendant Louise Germain denied his application for citizenship based on the fact that, on October 4, 2006, he had pleaded guilty to conspiracy to distribute marijuana. Complaint at 2-3.  He concludes that he "assum[es] that this decision was incorrect because all the process are require [sic] by the law for to be a citizen was completed." Id. at 3.  He notes that "[t]he only thing left for me to be a citizen of the United State[s] is to swear [to the oath of allegiance]." Id.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA).  The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(i) dismissals should

only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

3

First, this Court notes that Defendant Germain, as a federal official, cannot be sued pursuant to 42 U.S.C. § 1983 since she was not acting under color of <u>state</u> law.[1] And, even under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), Plaintiff has not shown a violation of his federal constitutional rights.

As acknowledged by Plaintiff Cuong Viet Nguyen, he pleaded guilty to conspiracy to distribute 100 kilograms or more of marijuana and methylenedioxymethamphetamine (hereinafter MDMA), in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C), for which he was sentenced, on October 4, 2006, to thirty (30) months of imprisonment and three (3) years of supervised release.[2] There are general requirements for naturalization, and one of the requirements is that the applicant "be a person of good moral character." Specifically, the Code of Federal Regulations states, in pertinent part:

> An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.

---

[1] See <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) (recognizing a cause of action for damages against officials who violate constitutional or statutory rights under color of federal law). A <u>Bivens</u> action is analogous to § 1983 suits against state and local officers.

[2] This Court takes judicial notice of Case No. 3:05-cr-368-J-25TEM, in which Plaintiff Cuong Viet Nguyen pleaded guilty in federal court.

4

8 C.F.R. § 316.10(a)(1). Further, the Code states that an applicant shall be found to lack "good moral character" if during the statutory period the applicant violated any law of the United States relating to a controlled substance (provided that the violation was not a single offense for simple possession of 30 grams or less of marijuana). Id. at § 316(b)(2)(iii). And, finally, the Code sets forth that an applicant shall be found to lack "good moral character" if the applicant is or was confined to a penal institution for an aggregate of 180 days pursuant to a conviction (provided that such confinement was not outside of the United States due to a conviction outside of the United States for a purely political offense). Id. at § 316(b)(2)(v).

Thus, as acknowledged by Plaintiff, his application for naturalization was denied based on his conviction for conspiracy to distribute 100 kilograms or more of marijuana and MDMA. According to 8 C.F.R. § 316.10(a)(1), the decision to deny his application for naturalization was proper since Plaintiff had not yet been administered the oath of allegiance. As previously noted, an applicant for naturalization bears the burden of demonstrating that he has been and continues to be a person of "good moral character."

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2007.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 11/20
c:
Cuong Viet Nguyen